J. Courtney McGroarty, J.
In this article 78 proceeding, the petitioners, former members of the board of directors of Trump Village, Section III, Inc., seek an order or judgment determining that the action of1 the respondent in removing and replacing *541 said board of directors, is unconstitutional, illegal, arbitrary and capricious, and that any action taken or to be taken by the newly appointed board be adjudged a nullity.
Trump Village is a Mitchell-Lama mutual housing company organized and existing pursuant to the provisions of article 12 of the Public Housing Law, now article 2 of the Private Housing Finance Law. Petitioners are also tenant-co-operators in said project. Apparently, it is the intent of article 2 that the projects be maintained through rentals controlled at a rate to make them available to low and middle income wage earners. The leases which the tenant shareholders sign, and approved by the respondent, contain, in conformity with the law, a clause providing that the monthly rental may be increased by a surcharge up to 50% based upon the tenant shareholder’s increased income, if any, during the term of the lease (Public Housing Finance Law, § 31, subd. 2, par. [a]). The sums thus realized are divided equally between the municipality and the housing company. The surcharges tend to stabilize and keep the rents at a low average.
On March 3, 1972 the respondent sent to the petitioners a memorandum of instructions for the required annual income review, together with a sample of the proposed, affidavit of income form. This form contains an authorization for the Finance Administrator of the City of New York to verify, to the Division of Housing and Community Renewal, the State taxable income for the year 1971 as it appears and was reported on the New York City income tax return of the tenant.
The petitioners refused to act or to implement respondent’s order for the annual income review, contending that the procedures were illegal, unconstitutional, arbitrary and capricious. Although on at least three occasions prior to their removal they were informed of possible legal sanctions, tax abatement jeopardy, and removal as directors, their refusal persisted. Whereupon, on September 21, 1972, the respondent removed each of the directors and appointed employees of the Division of Housing to serve as directors in their places pursuant to the powers given to him under article 3 (§13, subd. 15) of the Private Housing Finance Law.
No issue has been raised concerning the fact that such removal powers have been granted by the Legislature to the respondent. The question before this court is one of procedure. The sole issue is whether subdivision 15 of section 13 of the Private Housing Finance Law vests in the Commissioner the discretionary power to remove, for cause, a board of directors of a Mitchell-Lama housing company, or whether the removal power may be *542 used only after application to the Supreme Court, as petitioners contend.
Subdivision 15 of section 13 provides: “15. That in the event of a violation by a state-aided mutual company of any provision of the certificate of incorporation or of law or of the loan or mortgage contract or of any order of the commissioner or of any rules and regulations duly promulgated pursuant to the provisions of this article the commissioner may remove any or all of the existing directors of the mutual company and appoint such person or persons whom the commissioner deems advisable, including officers and employees of the division of housing and community renewal, as new directors to serve in the places of those removed * * * and that any directors so appointed by the commissioner shall serve only for a period coexistent with the duration of such violation or until the commissioner is assured in a manner satisfactory to him against violations of a similar nature.”
Petitioners contend that if the respondent is of the opinion that a housing company has allegedly failed or omitted to do an act required of it by law, or by the Commissioner, then the respondent in order to compel compliance must follow the procedure set forth in subdivision 7 of section 32 and institute an action or proceeding in the Supreme Court to effectuate such purpose. ‘ ‘ Such action must be commenced by petition alleging the violations complained of and on notice to the Board of Directors”; that the “ foregoing Section [§ 32, subd. 7] provides the implementation of Section 13; and that absent the required notice and petition ’ ’ the summary removal is illegal, arbitrary and capricious.
Subdivision 7 of section 32 provides that whenever the Commissioner shall be of the opinion that a housing company is failing or omitting to do anything required of it by law or by order of the Commissioner, or which is improvident or prejudicial to the interest of the public, the lienholders, the stockholders or the tenants, “the commissioner or the supervising agency, as the case may be, may, in addition to such other remedies as may he available, commence an action or proceeding in the supreme court of the state of New York * * * for the purpose of having such violations * * * stopped * * * and * * * the court may appoint a temporary or permanent receiver or both. Such action or proceeding shall be commenced by a petition to the supreme court * * * The final judgment . * * * shall either dismiss the action or proceeding or *543 direct that an order or an injunction, or both, issue, or provide for the appointment of a receiver.” (Emphasis added).
The court does not agree with petitioners’ contention that respondent must commence an action or proceeding pursuant to subdivision 7 of section 32. This section clearly states that the Commissioner ‘ ‘ may, in addition to such other remedies as may be available, commence an action or proceeding ”. It is not mandatory. Furthermore, contrary to the claim of petitioners, the provisions of subdivision 7 of section 32 are not an implementation of subdivision 15 of section 13 with respect to the removal of the board of directors. Subdivision 7 of section 32 provides for restraining orders and the drastic remedy of receivership in certain situations. These are not appropriate remedies to expedite compliance with orders of the respondent. Under subdivision 15 of section 13, removal of directors is limited in time to the duration of the violation or until the Commissioner is assured against violations of a similar nature, which obviously, is the more appropriate remedy. The legislative intent is clear that these statutes, which differ in substance and remedies, are not to be used together.
The question of retroactivity of subdivision 15 of section 13, although not raised by petitioners in their petition, and not before the court, will be answered nevertheless. Trump Village was incorporated in 1961. The creating statute, section 13 of the Private Housing Finance Law, was amended in 1966, by adding subdivision 15. The law is clear that upon its enactment this subdivision was deemed part of the certificate of incorporation.
Section 1 of article X of the New York State Constitution reserves to the Legislature the power to alter all general laws passed pursuant to that section. Section 110 of the Business Corporation Law expresses the power granted to the Legislature more fully as follows: “ The legislature reserves the right; at pleasure, to alter, amend, suspend or repeal in whole or in part * * * any certificate of incorporation * * * of any domestic or foreign corporation, whether or not existing or authorized on the effective date of this chapter.”
Thus, the State preserves its control over its contract with the incorporators, and the Legislature has the power to subject a corporation to this type of legislative action. All certificates of incorporation are subordinate to and amended by their creating statutes. An amendment of the creating statute is an amendment of the certificate of incorporation (see Matter of Timmis, 200 N. Y. 177; People ex rel. Cooper Union v. Gass, 190 N. Y. 323, *544 328; Lord v. Equitable Life Assur. Soc. of U. S., 194 N. Y. 212, 227).
There is no merit to petitioners’ contention that subdivision 15 of section 13 is not applicable to the housing company herein.
Accordingly, since the actions of the respondent can in no manner be characterized as arbitrary, capricious or illegal, the petition is denied in all respects and dismissed.
Settle judgment.